OPINION OF THE COURT
Joseph Harris, J.
This CPLR article 78 proceeding challenges Department of Correctional Services (DOCS) Directive 4911 which requires that tobacco products entering New York State correctional facilities bear a New York State tax stamp.
*238 Respondents oppose the petition and move to dismiss it on the grounds that it fails to state a cause of action. (CPLR 3211 [a] [7].)
Petitioner asserts, among other things, that the aforementioned directive is unconstitutional because it violates the Equal Protection Clause of the United States Constitution.
Since petitioner is not a member of a "suspect” class for equal protection analysis and does not possess any fundamental right within the mandate of the Fourteenth Amendment, the appropriate standard for judicial review is whether when "viewed objectively” DOCS Directive 4911 bears a rational relation to a legitimate government interest. (Matter of Mc-Dermott v Forsythe, 188 AD2d 173,175 [3d Dept 1993].)
Prison officials must be able to identify tobacco products which have received government approval in order to more easily screen for contraband. A tax stamp shows such approval. Additionally, the State has an important interest in receiving the revenue for merchandise sold in the State. (See and cf., Tax Law § 471.)
Inasmuch as respondent has established two valid government interests which are served by Directive 4911 petitioner fails to establish a claim under the Equal Protection Clause.
Since cigarettes are not a necessity petitioner fails to state a claim under the Eighth Amendment of the United States Constitution. (Anderson v Coughlin, 757 F2d 33, 35 [2d Cir 1985].)
Finally, as discussed above, the restrictions imposed by DOCS Directive 4911 are reasonably related to a legitimate penological interest (Washington v Harper, 494 US 210, 222-224 [1990]) and the inmate grievance procedure provided petitioner with adequate due process protections.
Accordingly, for the foregoing reasons the petition is hereby dismissed.